**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELIZABETH SANCHEZ FERNANDEZ, AKA Sandra Hilda Aguilar Campoverde, AKA Dora Fernandez Ortiz, | No.   18-73395 |
| Petitioner, | Agency No. A208-924-401 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2022[**]
Pasadena, California

Before:  IKUTA, LEE, and FORREST, Circuit Judges.

Elizabeth Sanchez Fernandez seeks review of a decision of the Board of

Immigration Appeals (BIA) affirming the decision of an immigration judge (IJ)

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying her claims for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. Because the BIA conducted its own review of the evidence and law, "our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012) (cleaned up).

The immigration court was vested with jurisdiction over Sanchez Fernandez's case. Sanchez Fernandez received a Notice to Appear (NTA), and well before the hearing, she also received a Notice of Hearing that specified the time, date, and location of the hearing. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 889, 893–95 (9th Cir. 2020); s*ee also Karingithi v. Whitaker*, 913 F.3d 1158, 1160–61 (9th Cir. 2019). We reject Sanchez Fernandez's argument that the Notice of Hearing she received was deficient because it did not reference a specific NTA or specify the legal issues or charges involved because the regulations do not require the inclusion of such information. *See* 8 C.F.R. §§ 1003.13, 1003.14, 1003.15, 1003.18.

Because *Aguilar Fermin* and *Karingithi* have not been overruled by a higher authority or superseded by agency opinion, we remain bound by them, and reject Sanchez Fernandez's argument to the contrary. *See Gonzalez v. Arizona*, 677 F.3d 383, 390 n.4 (9th Cir. 2012), *aff'd sub nom. Arizona v. Inter Tribal Council of*

2

*Ariz., Inc.*, 570 U.S. 1 (2013). Sanchez Fernandez's reliance on *Pereira v. Sessions*, 138 S.Ct. 2105 (2018), is misplaced, because *Pereira* has no application to the jurisdiction of the immigration court, *see Karingithi*, 913 F.3d at 1160–61.

We uphold the agency's denial of Sanchez Fernandez's claims for asylum and withholding of removal. The BIA's determination that Sanchez Fernandez failed to show a nexus between future persecution and her family membership was supported by substantial evidence because nothing in the record suggests that the criminals Sanchez Fernandez had encountered had any motivation other than financial gain. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Further, Sanchez Fernandez testified that her son and daughter currently live in Mexico and have not suffered mistreatment. The BIA's determination that Sanchez Fernandez was not a member of a protected social group based on her opposition to criminal activity was supported by substantial evidence because she did not report any crimes or testify against any criminal. *See Pirir-Boc v. Holder*, 750 F.3d 1077, 1080, 1084 (9th Cir. 2014); *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013). While Sanchez Fernandez quarreled with the smuggler she hired to transport her to the United States, this dispute concerned the quality of the false document he provided rather than his criminal activities.

We uphold the agency's denial of Sanchez Fernandez's claim for relief under the CAT. *See* 8 C.F.R. § 208.16(c)(2); *Al-Saher v. INS*, 268 F.3d 1143, 1146–47 (9th Cir. 2001) (as amended). The BIA's determination that Sanchez Fernandez did not show that it was more likely than not that a government official would acquiesce to her future torture was supported by substantial evidence. Although country condition reports indicated the existence of torture and government corruption within Mexico, Sanchez Fernandez did not provide evidence showing she faces any ongoing or particularized threat of torture. *See Tzompantzi-Salazar v. Garland*, 25 F.4th 752 (9th Cir. 2022). Generalized evidence of torture in a country is insufficient. *See* 8 C.F.R. § 208.16(c)(2); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010); *Almaghzar v. Gonzales*, 457 F.3d 915, 923 (9th Cir. 2006).

**PETITION DENIED.**